# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAUL BECERRA SR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-14-0249-HE |
| | ) | |
| PHIL DOLLAR OILFIELD SERVICES, | ) | |
| INC., a foreign corporation, and | ) | |
| ZURICH AMERICAN INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Saul Becerra filed this suit against defendant Phil Dollar Oilfield Services, Inc. ("Phil Dollar") seeking compensation for injuries he sustained while working on a well site in Beaver County. Phil Dollar was performing services at the site for the well operator, Unit Petroleum Company ("Unit"), as was plaintiff's employer, Hardberger & Smylie, Inc. ("Hardberger"). Plaintiff alleges his injuries were the result of Phil Dollar's negligence.

By an amended complaint, plaintiff added Zurich American Insurance Company ("Zurich") as a defendant in this case. Zurich is the worker's compensation insurer for Hardberger, plaintiff's employer, and has paid workers compensation benefits to plaintiff since his injury. The relief plaintiff seeks against Zurich is a determination that Zurich has no right of subrogation as to any amount plaintiff may recover from Phil Dollar. Zurich maintains it does have a right of subrogation as to such amounts and has moved for summary judgment on the claim against it. The motion is at issue.

Under Fed.R.Civ.P. 56(a), summary judgment is appropriate "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In making this determination, a court views the evidence in the light most favorable to the party opposing summary judgment. Grynberg v. Total, S.A., 538 F.3d 1336, 1446 (10th Cir. 2008). Applying this standard, the court concludes that summary judgment should be granted in favor of Zurich.

Both parties view the present dispute as purely one of contract interpretation. The existence and terms of the pertinent contracts are not disputed. The workers compensation policy issued by Zurich to plaintiff's employer, Hardberger, included an endorsement waiving its subrogation rights as to any person or organization, so long as the waiver was "required by a written contract."[1] Plaintiff maintains there was such a contract requiring the waiver, that being the Unit Master Contract entered into between Unit and Hardberger.[2] The determinative question here is whether that contract required a waiver of subrogation as to claims against Phil Dollar.

The Unit Master Contract includes a waiver of subrogation provision which provides as follows:

---

[1] *The endorsement is Doc. #34-1: "We have the right to recover our payments from anyone liable for an injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule. (This agreement applies only to the extent that you perform work under a written contract that requires you to obtain this agreement from us.)" The "Schedule" portion of the endorsement states: "ALL PERSONS OR ORGANIZATIONS. APPLIES WHEN REQUIRED BY A WRITTEN CONTRACT".*

[2] *The Unit Master Contract is apparently used by Unit with all of its contractors. There is also a Unit Master Contract between Unit and Phil Dollar. As pertinent to this dispute, the provisions of that contract are identical to those in the contract between Unit and Hardberger.*

2

(d) <u>Waiver of Subrogation</u>. Prior to commencing work for us, you shall obtain from your insurers a waiver of subrogation against us, our non-operating concurrent working interest owners, joint ventures, partners, agents, servants, and employees and anyone for whom we are performing operations or services....

Doc. #30-1, p. 7. So the question, for present purposes, becomes whether Phil Dollar should be viewed as "us" or whether it is a working interest owner, joint venturer, partner, agent, servant or employee of Unit.

Plaintiff argues that the term "us" in the referenced language includes Phil Dollar because it should be understood to include "Unit Group" and "Unit Group" is defined to include independent contractors. "Unit Group" is indeed a defined term in the Unit Master Contract and does include "contractors" within its scope.[3] However, while the definitions including that for "Unit Group" are "For the purposes of this contract ...",[4] the term is actually <u>used</u> only in the indemnity section of the contract. Thus, for indemnity purposes, Hardberger is obligated to indemnify both "us" and "our other contractors besides you," with the reach of that obligation extending to Phil Dollar as an "other contractor." But the portion of the contract addressing insurance and waiver of subrogation (and the contract generally) is different and more limited: it extends only to "us" and those relationships identified above (i.e., "working interest owners, joint ventures ..."). And in the contract generally, "us" is used interchangeably with "we," which is defined to include Unit Corporation and its

---

[3]Doc. #30-1 at 8: "'**Unit Group**' will mean us, our parent, any of our subsidiaries and affiliated companies, <u>as well as our other contractors besides you</u>." (Emphasis added.)

[4]See Doc. #30-1 at 8: "11. Indemnification. (a) <u>Definitions</u>. For purposes of this contract...."

3

subsidiaries.[5] Independent contractors of Unit are not included in that definition.

So if Phil Dollar is not part of "us", is it otherwise an entity as to which the contract requires a waiver of subrogation? As noted above, Hardberger was also required to have its insurer waive subrogation as to "our non-operating working interest owners, joint ventures, partners, agents, servants, and employees" and other others for whom Unit was performing services.[6] There is no suggestion in the parties' submissions that Phil Dollar fits within any of those categories. Rather, it was explicitly defined by the Unit Master Contract between it and Unit (which was identical to that between Unit and Hardberger) to be an independent contractor rather than an agent, servant, or employee.[7] As a result, Phil Dollar is not within the scope of the waiver of subrogation provision of the Unit Master Contract.

As the provisions of the Unit Master Contract do not require Hardberger to obtain a waiver of subrogation from its insurer as to Phil Dollar, the waiver of subrogation provision in the workers compensation policy issued by Zurich is not triggered and does not apply. Zurich retains its subrogation rights.

---

[5]*The Unit Master Contract [Doc. #30-1, at 1] defines "Parties" to the contract as follows: "Unit Corporation and each of its directly and indirectly owned subsidiaries, including, but not limited to, Unit Petroleum Corporation and Unit Drilling Company, and any future direct or indirect subsidiaries of Unit Corporation (individually and collectively sometimes referred to as 'we' or 'Unit').*"

[6]*Para. 10(d) of the contract. Doc. #30-1, p. 7.*

[7]*In some contexts, a court is not bound by a contract's characterization of a particular relationship as being that of "independent contractor" and will look to the substance of the underlying relationship. See Thornton v. Ford Motor Co., 297 P.3d 413, 419 (Okla.Civ.App. 2012). Here, however, where the question is the scope of the contractual agreement itself (i.e., the reach of the waiver of subrogation provision), the parties' characterization of the relationship ends the issue.*

4

Defendant Zurich's motion for summary judgment [Doc. # 30] is **GRANTED**. Judgment in its favor will be entered when the case is concluded as to all claims and parties.

**IT IS SO ORDERED**.

Dated this 17th day of February, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE